UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEONARD GARNER,                                                      **MEMORANDUM & ORDER**

                Petitioner,                                          10-CV-2767 (NGG)

                -against-

DUKE TERRELL, WARDEN,

                Respondent.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        Petitioner Leonard Garner ("Garner"), currently detained at the Metropolitan Detention Center ("MDC") in Brooklyn and appearing pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition (Docket Entry # 1) at 1.) Garner seeks a reduction of his sentence under United States Sentencing Guidelines (the "Guidelines") § 5K2.0 due to the "conditions of confinement" at MDC. (Id. at 5.)

        In 2006, the United States District Court for the District of Delaware sentenced Garner to seventy-one months imprisonment following his guilty plea for identity theft and mail fraud. (Id.) The Bureau of Prisons transferred Garner to MDC on October 28, 2008. Garner claims that prisoners at MDC are "on lockdown" with "no access to sunlight [or] fresh air," "no air conditioning," and "limited access" to the law and leisure libraries, among other hardships. (Id. at 2.)

        A federal prisoner "claiming the right to be released upon the ground that [his] sentence was imposed in violation of the Constitution or laws of the United States" may challenge that sentence under 28 U.S.C. § 2255. 28 U.S.C. §2255(a). If § 2255 "is inadequate or ineffective to test the legality of his detention," then a prisoner may petition for habeas corpus under 28 U.S.C. § 2241. 28 U.S.C. §2255(e). Like § 2255, § 2241 permits a federal prisoner to petition for

1

habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Challenges to present physical confinement are appropriately brought under § 2241. Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). For habeas petitions brought under § 2241 "challenging present physical confinement, jurisdiction lies [] only . . . in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426 (2004).

It is unclear from Garner's petition whether he states a claim that is cognizable under § 2255 or § 2241. Garner asserts only that he is entitled to a reduction in his sentence pursuant to Guidelines § 5K2.0, a provision that permits sentencing courts to consider, among other factors, the conditions of a defendant's pretrial or presentence confinement in determining whether to depart from the Guidelines. United States v. Teyer, 322 F.Supp. 2d 359, 377 (S.D.N.Y. 2004). If Garner wishes to challenge the legality of the sentence imposed, he must bring the challenge under § 2255, and he must do so in the court that imposed his sentence, the United States District Court for the District of Delaware. See 28 U.S.C. § 2255(a).

To the extent that Garner wishes to challenge the constitutionality of the conditions of his confinement under the Constitution or laws of the United States, the claim is properly brought under § 2241. See Corrao, 152 F.3d at 191 (explaining that a motion challenging "the execution, not the imposition, of the sentence" is properly brought under § 2241). To successfully challenge the conditions of his confinement as an Eighth Amendment violation, Garner must show that the conditions at MDC "deprive inmates of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Garner does not assert a constitutional claim in his petition; however, the court has not reached a conclusion as to the merits of any such claim. The court grants Garner leave to amend his petition to assert any constitutional claims properly brought under § 2241.

Garner has three options he may pursue: (1) he may amend his §2241 petition; (2) he may withdraw the petition if he does not wish to pursue relief under § 2255; or (3) he may amend the motion to include any additional § 2255 claims. Within 30 days, Garner must notify the court in writing of how he would like to proceed. If this court has not received notification from Garner at that time, it will convert the petition to a § 2255 motion and transfer it to the United States District Court for the District of Delaware. A recharacterization of this motion will subject any subsequent § 2255 motion to the restrictions that statute imposes on "second or successive" § 2255 motions. 28 U.S.C. § 2255(h).

SO ORDERED

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 25, 2010

NICHOLAS G. GARAUFIS
United States District Judge